# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00215-CR

**Daniel Ray Resa, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT
### NO. 5406, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Daniel Ray Resa guilty of burglary of a habitation. *See* Tex. Pen. Code Ann. § 30.02(a)(3) (West 2003). The court imposed a sixty-year prison term. In his only point of error, appellant contends the court erred by refusing to instruct the jury on criminal trespass as a lesser included offense. We will overrule this contention and affirm the conviction.

At about 12:30 a.m. on April 11, 2004, Joe Dobie and his wife Diane were asleep in their residence in rural San Saba County when they were awakened by a loud noise followed by the sound of glass breaking. Both Joe and Diane testified that they heard two voices coming from the utility room down the hall from their bedroom. Joe got up to investigate, taking with him a .22 rifle he kept by the bed. In the dark hallway, he saw the silhouette of a man holding a pistol and said, "Y'all stop right there." The intruder fired a shot, striking the wall beside him. Joe attempted to

return fire, but his rifle misfired. A second shot was fired, this time in the utility room, striking the washing machine. Then a third shot was fired from outside the house, shattering a kitchen window. Joe proceeded into the utility room, grabbed another rifle he kept there, and stepped onto the porch. He saw two men fleeing into the brush. Both men fired at Joe, and he returned their fire.

It is undisputed that the two assailants were appellant and his brother, Adam Resa. The evidence shows that they had broken the lock on the gate to the Dobies' property, driven part-way to the residence in appellant's truck, and then walked the rest of the way to the Dobies' house. They were armed with a pistol and a shotgun they took from Joe Dobie's pickup, which was parked beside the house. The evidence suggests that Adam Resa wielded the pistol which fired the shots inside the house, while appellant used the shotgun which was fired only once. It had been raining, and sets of muddy footprints showed that the men had walked around the house checking the windows before they entered.

In their flight, the brothers became separated. Appellant made it back to his truck and drove away. Adam was tracked by a dog as he walked across country and was found hiding in a tree. Appellant was arrested later that night and gave two statements to the police. In the first, he admitted driving onto the Dobies' property but said that it was his brother who had alone entered the house. In his second statement, appellant said that he "had all the fault in this" and that his brother "had no idea what was going on."

The indictment alleged that appellant intentionally and knowingly entered the Dobies' habitation without effective consent and then and there committed and attempted to commit aggravated assault. *See id*. The court's charge tracked the indictment and authorized the jury to

2

convict appellant both as the primary actor and as a party criminally responsible for Adam Resa's conduct. *See id.* § 7.02(a)(2).[1]

A defendant is entitled to a lesser included offense instruction if the lesser offense is included within the proof necessary to establish the offense charged and if there is some evidence that would permit the jury to rationally find that the defendant, if guilty, is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). Under the facts in this cause, criminal trespass was included within the proof necessary to establish the alleged burglary. *See* Tex. Pen. Code Ann. 30.05(a)(1) (West Supp. 2005). Thus, the question becomes whether there is evidence to support a finding that appellant was guilty only of criminal trespass.

Appellant argues that he was entitled to a criminal trespass instruction because the evidence raises issues as to whether he entered the Dobies' residence and whether he entered with the intent to commit assault. Assuming this to be true, neither issue entitled appellant to a criminal trespass instruction. If appellant did not enter the house, he was not guilty as a primary actor of either burglary or criminal trespass.[2] And the intent with which the entry into the house was made was irrelevant because appellant was not indicted under section 30.02(a)(1) (entered with intent to commit assault), but under section 30.02(a)(3) (entered and committed or attempted to commit assault).

---

[1] At a separate trial, Adam Resa was convicted of burglary of a habitation and sentenced to forty years in prison. This conviction was affirmed in *Resa v. State*, No. 03-05-00315-CR (Tex. App.—Austin Feb. 10, 2006, no pet.) (not designated for publication).

[2] Appellant and his brother were trespassing on the Dobies' land, but this offense was not included within the proof necessary to establish the burglary of the Dobies' house.

The uncontradicted evidence establishes that at least one of the Resa brothers entered the Dobies' residence without effective consent and therein committed the offense of aggravated assault. On the evidence in this record, the jury could have rationally concluded that appellant was guilty of the alleged burglary either as the primary actor or as a party to his brother's conduct, but there was no basis for a rational finding that appellant was guilty only of criminal trespass. The point of error is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: May 12, 2006

Do Not Publish